**Joan DEDEWO, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, U.S. Attorney General, Respondents.**

**No. 05–4616–ag.**

United States Court of Appeals, Second Circuit.

Feb. 9, 2007.

sued since the switch is available to be examined.

Samuel Iroegbu, Albany, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Charles E. Roberts, Assistant United States Attorney, Syracuse, New York, for Respondents.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Joan Dedewo, a native and citizen of Nigeria, seeks review of a March 3, 2005 order of the Board of Immigration Appeals ("BIA") denying petitioner's motion to reopen and reconsider the January 6, 2005 order of the BIA denying petitioner's appeal of the January 23, 2004 decision of Immigration Judge ("IJ") Philip J. Montante, Jr. *In re Joan Dedewo*, No. A29 622 328 (B.I.A. 12 March 3, 2005), *aff'g* No. A29 622 328 (Immig. Ct. Buffalo Jan. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because Dedewo did not file a petition for review of the BIA's January 6, 2005 order denying her appeal, our jurisdiction is limited to the motions at issue, and we are "precluded from passing on the merits of the underlying ... proceedings." *See, e.g., Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam) (internal quotation marks omitted). This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains

only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

■ The BIA did not abuse its discretion in denying Dedewo's motion to reopen and reconsider. To the extent that Dedewo's motion was a motion to reconsider, the BIA reasonably denied it because Dedewo failed to specify any error of fact or law in the BIA's previous decision. *See* 8 C.F.R. § 1003.2(b)(1); *see also Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001); *In re O–S–G–,* 24 I. & N. Dec. 56 (BIA 2006) (discussing the requirements for motions to reconsider). Further, the motion merely repeated the arguments that Dedewo raised in her appeal, with the exception of her claim that she demonstrated extraordinary circumstances relating to her delay in filing her asylum application—a claim that she could have raised below. *See Jin Ming Liu,* 439 F.3d at 111; *In re O–S–G–,* 24 I. & N. Dec. at 58.

■ To the extent that Dedewo's motion was a motion to reopen, the BIA reasonably found that Dedewo did "not meet the heavy burden governing her renewed applications for asylum and withholding." In her motion, Dedewo largely repeated the arguments that she made in her appeal, and she presented no arguments or evidence to disturb the IJ's credibility finding. *Cf. Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156–57 (2d Cir.2005). Further, Dedewo submitted no new evidence or documentation with her motion, let alone any evidence that was material and that was unavailable and that could not be discovered or presented at her merits hearing. *See* 8 C.F.R. § 1003.2(c)(1) (2005); *see also Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.